PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 12/2023)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE** EASTERN **DISTRICT OF TEXAS**
BEAUMONT **DIVISION**

Christopher Flores, TDCJ No. 1336588
Plaintiff's Name and ID Number
Mark W. Stiles Unit
3060 FM 3514, Beaumont, Texas 77705
Place of Confinement

CASE NO.______________
(Clerk will assign the number)

v.
Tanosha Hollyfield
3695 FM 3514, Beaumont, Texas 77705
Defendant's Name and Address

______________
Defendant's Name and Address

______________
Defendant's Name and Address
( DO NOT USE "ET AL.")

**INSTRUCTIONS - READ CAREFULLY**

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be <u>legibly</u> handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **<u>DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.</u>** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $55.00 for a total fee of **$405.00.**

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $55.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? X YES __ NO

B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1. Approximate date of filing lawsuit: January 15, 2009
2. Parties to previous lawsuit:

   Plaintiff(s) Christopher Flores

   Defendant(s) Cary J. Cook, Kevin P. Pinney, Richard D. Avants, Charles S. Hendrix, Richard G. Leal, Janay B. Williams, Kelli Ward
3. Court: (If federal, name the district; if state, name the county.) U.S. District Court, N.D. of Texas, Abilene Division
4. Cause number: 1:10-cv-00009-BU
5. Name of judge to whom case was assigned: Philip R. Lane
6. Disposition: (Was the case dismissed, appealed, still pending?) Dismissed
7. Approximate date of disposition: June 13, 2011

I. PREVIOUS LAWSUITS: (Continued)

1. Approximate date of filing lawsuit: March 20, 2009
2. Parties to previous lawsuit:
   Plaintiff(s) Christopher Flores
   Defendant(s) Emily Jacobs, Kevin P. Pinney, Amanda McCree, David D. Lofton, Kevin M. Defoor, Brenda L. Moore, Tammy Sarhani, Chanda C. Clay, Jimmy S. Smith, John Doe #1, Wayne A. Hinkle, Richard A. Avants, Cary J. Cook, Robert J. Eason
3. Court: U.S. District Court, N.D. of Texas, Abilene Division
4. Cause Number: 1:09-cv-00044-BU
5. Name of judge to whom case was assigned: Magistrate Judge Philip R. Lane
6. Disposition: Dismissed
7. Approximate date of disposition: August 17, 2011

---

1. Approximate date of filing lawsuit: May 21, 2010
2. Parties to previous lawsuit:
   Plaintiff(s) Christopher Flores
   Defendant(s) Edward Lee Wheeler, Jr., Carey J. Cook, Richard G. Leal, Richard A. Avants, Adrian Correll, Frances M. Odom, Cheryl Lawson
3. Court: U.S. District Court, N.D. of Texas, Abilene Division
4. Cause Number: 1:10-cv-00097-BU
5. Name of judge to whom case was assigned: Magistrate Judge E. Scott Frost
6. Disposition: Dismissed
7. Approximate date of disposition: January 4, 2012

---

1. Approximate date of filing lawsuit: May 21, 2010
2. Parties to previous lawsuit:
   Plaintiff(s) Christopher Flores
   Defendant(s) Dale L. Boecker
3. Court: U.S. District Court, N.D. of Texas, Abilene Division
4. Cause Number: 1:10-cv-00098-BU
5. Name of judge to whom case was assigned: Magistrate Judge E. Scott Frost
6. Disposition: Jury verdict resulted in favor of defendant
7. Approximate date of disposition: June 26, 2014

I. PREVIOUS LAWSUITS: (Continued)

1. Approximate date of filing lawsuit: April 16, 2021
2. Parties to previous lawsuit:
   Plaintiff(s) Christopher Flores
   Defendant(s) Jennifer N. Sanders, Richard J. Babcock, Susan E. Cunningham, Lourens A. Jackson, Shayna M. McArthur
3. Court: U.S. District Court, Eastern District of Texas, Tyler Division
4. Cause Number: 6:21-cv-00145-JDK-JDL
5. Name of judge to whom case was assigned: John D. Love
6. Disposition: Reached settlement agreement
7. Approximate date of disposition: September 9, 2024

---

1. Approximate date of filing lawsuit: November 19, 2024
2. Parties to previous lawsuit:
   Plaintiff(s) Christopher Flores
   Defendant(s) Bryan Collier
3. Court: The 172nd District Court of Jefferson County, Texas
4. Cause Number: 24DCCV2236
5. Name of judge to whom case was assigned: The Honorable Mitch Templeton
6. Disposition: Pending
7. Approximate date of disposition: N/A

II. PLACE OF PRESENT CONFINEMENT: Mark W. Stiles Unit 3060 FM 3514, Beaumont, Texas 77705

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure? X YES ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Christopher Flores, TDCJ No. 1336588
Mark W. Stiles Unit, 3060 FM 3514, Beaumont, Texas 77705

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Tanosha Hollyfield, Clinic Manager Gist/LeBlanc
3695 FM 3514, Beaumont, Texas 77705

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
Defendant Hollyfield interfered with and delayed prescribed medical treatment, resulting in unnecessary pain to Plaintiff.

Defendant #2: ___

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #3: ___

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #4: ___

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5: ___

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

1. During Plaintiff's incarceration, he developed osteoarthritis in both knees. Ultimately, it resulted in the formation of a Baker's cyst, also known as a Popliteal cyst, in his left knee. Later, the condition also developed in his right knee. A Baker's cyst is a fluid filled sac behind the knee which causes pain, stiffness, and swelling. Baker's cysts result from a problem inside the knee joint, such as osteoarthritis. This condition causes the joint to produce excess fluid, which can lead to cyst formation.

2. Beginning as late as June of 2021, Plaintiff began receiving treatment for his knee pain. In addition to pain-relieving medications like ibuprofen, and

(SEE ATTACHED PAGES FOR CONTINUATION OF CLAIM)

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

The Defendant is being sued in her individual capacity for nominal, punitive, and compensatory damages. Plaintiff demands a jury trial.

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Christopher Flores; Mark Anthony Rodriguez

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

TDCJ No. 1336588; Federal Register Number 10236-180; SID No. 04189697

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES _X_ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): N/A
2. Case number: N/A
3. Approximate date sanctions were imposed: N/A
4. Have the sanctions been lifted or otherwise satisfied? N/A ____YES ____NO

V. STATEMENT OF CLAIM (Continued)

medical work restrictions which prevented him from being compelled to squat repetitively, Plaintiff received knee wraps. The knee wraps proved to be effective in pain management and Plaintiff utilized them regularly until they were confiscated by security sometime after his transfer to the Stiles Unit.

3. In the early hours of April 11, 2023, the unit was placed on lockdown status for the bi-annual shakedown. Although many activities were cancelled or restricted due to the lockdown, medical appointments and services continued to run as scheduled.

4. That same morning, Plaintiff was escorted to the infirmary, in 10-Building, for a scheduled appointment. Plaintiff was examined by Dr. Frank Saunders for his knee pain. Dr. Saunders ordered that Plaintiff receive knee wraps for both knees, and issued him a medical pass authorizing possession of the knee wraps. Dr. Saunders told Plaintiff that he would receive the knee wraps from medical supplies shortly thereafter.

5. After the exam, Plaintiff returned to the infirmary cage and waited to be escorted back to his housing area. It was at this time that Plaintiff did see Tanosha Hollyfield, hereinafter, Defendant Hollyfield, the medical supplies CCA, walking out of the infirmary. Plaintiff stopped Defendant Hollyfield to inquire as to when he would receive his knee wraps ordered by Dr. Saunders?

6. Defendant Hollyfield, acting under color of state law, in bad faith, with evil and malicious intent, consciously disregarded an obvious and excessive risk to Plaintiff's health and well-being, by stating, " I don't pass out supplies during lockdown." Plaintiff immediately questioned this response and explained that he needed the wraps to reduce the pain in his knees, and that it made no sense for her to be getting paid [not] to issue medical supplies, regardless of whether it was lockdown or not. Defendant Hollyfield became visibly angry and stated, " We'll see how long it takes you to get them now," and walked off.

7. Holding true to her word, Defendant Hollyfield did not issue Plaintiff his Knee wraps during the lockdown. In fact, it was not until May 4, 2023, three days after the lockdown was lifted, that Plaintiff received a lay-in to pick up his knee wraps, in 4-Building, from 0900-1005 hours. However, as is customary at the Stiles Unit, the institutional count did not clear by 1005 hours, and by the time Plaintiff was allowed to go to 4-Building, to pick up his knee wraps, Defendant Hollyfield had already left.

8. Beginning the very next day, on May 5, 2023, Plaintiff began sending numerous I-60s, "Inmate Request to Official" forms, to Defendant Hollyfield and to Jacquelyn Womack, the Stiles Unit Practice Manager, asking to receive his knee wraps. However, Plaintiff never received a single response to any of his I-60s about his knee wraps over the next six and a half months.

9. Seeing that he was being ignored, Plaintiff did file his Step 1 grievance no. 2023107306, on May 18, 2023, against Defendant Hollyfield, for refusing to issue his knee wraps and unnecessarily forcing him to suffer in pain.

10. Throughout the summer of 2023, Plaintiff did see Defendant Hollyfield numerous times in the A-Side hallway, going to and from the infirmary, and back to the medical supply room in 4-Building. Most of the time Defendant Hollyfield would ignore Plaintiff's attempts to speak with her about his knee wraps. But on one occasion, on or about July of 2023, Plaintiff did manage to successfully stop Defendant Hollyfield and speak to her about his knee wraps.

11. After Plaintiff introduced himself, Defendant Hollyfield responded with, " I know who you are. I sent you a lay-in. You never showed up. So I figured that you didn't need them anymore." Plaintiff explained that he missed the original lay-in through no fault of his own, and that he desperately needed the knee wraps for the pain in his knees. He then asked if he could go with Defendant Hollyfield, who was on her way back to 4-Building, and pick up his knee wraps then? Defendant Hollyfield, acting under color of state law, in bad faith, with evil and malicious intent, consciously disregarded an obvious and excessive risk to Plaintiff's health and well-being, and arbitrarily and

capriciously denied this request, even though it would have required minimal effort, and taken less than five minutes of her time. Defendant Hollyfield told Plaintiff, " Send me an I-60."

12. Plaintiff did continue to send Defendant Hollyfield and Ms. Womack, the Practice Manager, I-60s asking to receive his knee wraps, but to no avail. With seemingly no other options left to utilize, and the pain in his knees worsening, Plaintiff did file his Step 1 grievance no. 2023141979, on August 9, 2023, specifically alerting Defendant Hollyfield that he would be seeking redress in the United States District Court, in Beaumont, Texas, for her calloused and deliberate indifference towards his serious medical needs and for interfering with and delaying Dr. Saunders' prescribed medical treatment.

13. During the summer of 2023, Plaintiff was again examined by Dr. Saunders. During the examination, Plaintiff explained that Defendant Hollyfield had refused to issue him the knee wraps originally ordered back in April of 2023, and asked for assistance in receiving them. Dr. Saunders stated that he would send Defendant Hollyfield another email to issue the knee wraps.

14. On October 23, 2023, approximately 195 days after Dr. Saunders ordered that Plaintiff receive knee wraps for the pain in his knees, Defendant Hollyfield finally relented and issued Plaintiff his knee wraps in 4-Building.

15. Defendant Hollyfield, acting under color of state law, in bad faith, with evil and malicious intent, consciously disregarded an obvious and excessive risk to Plaintiff's health and well-being, by deliberately interfering with and delaying prescribed medical treatment, for 195 days, knowing it would, and did, cause Plaintiff to suffer in tremendous pain.

16. Defendant Hollyfield's conduct clearly demonstrated calloused and deliberate indifference to Plaintiff's serious medical needs, and did result in an unnecessary and wanton infliction of pain, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment.

C. Has any court ever warned or notified you that sanctions could be imposed? X YES ___ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): U.S. District Court, N.D. of Texas, Abilene Division

2. Case number: 1:09-cv-00009-BU

3. Approximate date warning was issued: June 13, 2011

Executed on: 5/13/25
DATE

Christopher Flores
Christopher Flores
(Signature of Plaintiff)

PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this 13th (Day) day of MAY (month), 20 25 (year).

Christopher Flores
Christopher Flores
(Signature of Plaintiff)

WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.

7 18U-054 Accept as original

Texas Department of Criminal Justice

# STEP 1 OFFENDER GRIEVANCE FORM

**OFFICE USE ONLY**

Grievance #: 2023107306
Date Received: MAY 18 2023
Date Due: 7-2-23
Grievance Code: 635
Investigator ID #: 1703
Extension Date: 8-16-23
Date Retd to Offender: JAN 15 2024

Offender Name: Christopher Flores TDCJ# 1336588

Unit: Stiles Housing Assignment: ~~18U-54~~

Unit where incident occurred: Stiles

**You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.**

Who did you talk to (name, title)? Sent I-60 to Ms. Womack / Practice Manager When? May 15, 2023

What was their response? No response.

What action was taken? None.

**State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate**

On April 11, 2023, Dr. Saunders prescribed me two knee wraps for both of my knees. He said that Ms. Holyfield would lay me in to receive them. I received my first lay in on May 4, 2023, from 0900-1005 hours, to pick up my supplies. However, count was late as usual, and by the time I went to 4 Building, Ms. Holyfield was gone. So I sent her an I-60 on May 5, 2023, asking to be rescheduled to pick up my supplies, but she was non responsive and never laid me in again. I need my knee wraps for pain in both knees desperately. MAY 18 2023

MAY 1 8 2023

**Action Requested to resolve your Complaint.** 1) Please issue me my knee wraps as soon as possible, and 2) any other relief that is deemed appropriate and necessary.

**Offender Signature:** [signature] **Date:** May 17, 2023

**Grievance Response:**

Review of your medical records reveals that you were laid in to receive your knee sleeves originally. Further review reveals that there was a delay in you being laid in to receive them after not making it to your first appointment. this office apologizes for the delay. You have received your knee sleeves. This office has discussed with the appropriate staff members. No further action is warranted at this time.

**Signature Authority:** [signature] **Date:** 12/18/23

**If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.**

**Returned because:** ***Resubmit this form when the corrections are made.**

- ☐ 1. Grievable time period has expired.
- ☐ 2. Submission in excess of 1 every 7 days. *
- ☐ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments. *
- ☐ 5. No documented attempt at informal resolution. *
- ☐ 6. No requested relief is stated. *
- ☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
- ☐ 8. The issue presented is not grievable.
- ☐ 9. Redundant, Refer to grievance #________
- ☐ 10. Illegible/Incomprehensible. *
- ☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** ________

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** ________

**OFFICE USE ONLY**

Initial Submission UGI Initials: ____
Grievance #: ____
Screening Criteria Used: ____
Date Recd from Offender: ____
Date Returned to Offender: ____

2nd Submission UGI Initials: ____
Grievance #: ____
Screening Criteria Used: ____
Date Recd from Offender: ____
Date Returned to Offender: ____

3rd Submission UGI Initials: ____
Grievance #: ____
Screening Criteria Used: ____
Date Recd from Offender: ____
Date Returned to Offender: ____

I-127 Back (Revised 11-2010)

Appendix F

THE STATE OF TEXAS

**Texas Department of Criminal Justice**

# STEP 2 OFFENDER GRIEVANCE

(ST)

Offender Name: Christopher Flores TDCJ # 1336588

Unit: Stiles Housing Assignment: 18 U-54

Unit where incident occurred: Stiles

**OFFICE USE ONLY**

Grievance #: 2023107306

UGI Recd Date: JAN 29 2024

HQ Recd Date: FEB 01 2024

Date Due: 3-14-2024

Grievance Code: 635

Investigator ID#:

Extension Date:

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

First, please note that this Step 1 grievance was originally filed on May 18, 2023, but not returned to me until January 15, 2024, some 8 months later!

Next, it offers no explanation as to why Ms. Hollyfield deliberately withheld my prescribed medical treatment, forcing me to needlessly suffer in pain for months?

Finally, it gives no explanation as to why the medical administrator, Ms. Jacquelyn Womack, after being repeatedly notified, did nothing to control her subordinate and expedite the receipt of my knee wraps?

Offender Signature: Christopher Flores Date: January 23, 2024

Grievance Response:

A review of the Step 1 grievance and documentation was completed regarding your request to receive the knew wraps ordered for you by the provider.

An appellate review of the medical grievance and clinical record indicates the response at the Step 1 level is appropriate. Your grievance was resolved at the unit level. Please note your medical pass for your knee support expires on 04/10/2024, please make every effort to submit a Sick Call Request (SCR) to renew it so that there is not a delay.

Please reference Correctional Managed Health Care (CMHC) Policy G-59.3 Medical Prostheses and Orthotic Devices for more information. No further action is warranted through the grievance process.

STEP II MEDICAL GRIEVANCE PROGRAM
OFFICE OF PROFESSIONAL STANDARDS
TDCJ HEALTH SERVICES DIVISION

02/23/2024

Signature Authority: ______________________ Date: __________

Returned because: *Resubmit this form when corrections are made.*

- ☐ 1. Grievable time period has expired.
- ☐ 2. Illegible/Incomprehensible.*
- ☐ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments.*
- ☐ 5. Malicious use of vulgar, indecent, or physically threatening language.
- ☐ 6. Inappropriate.*

CGO Staff Signature: ______________________

**OFFICE USE ONLY**

Initial Submission CGO Initials: ______
Date UGI Recd: ______
Date CGO Recd: ______
(check one) ___Screened ___Improperly Submitted
Comments: ______
Date Returned to Offender: ______

2nd Submission CGO Initials: ______
Date UGI Recd: ______
Date CGO Recd: ______
(check one) ___Screened ___Improperly Submitted
Comments: ______
Date Returned to Offender: ______

3rd Submission CGO Initials: ______
Date UGI Recd: ______
Date CGO Recd: ______
(check one) ___Screened ___Improperly Submitted
Comments: ______
Date Returned to Offender: ______

Texas Department of Criminal Justice

# STEP 1 OFFENDER GRIEVANCE FORM

OFFICE USE ONLY
Grievance #: 2023141979
Date Received: AUG 0 9 2023
Date Due: 9-23-23
Grievance Code: 635
Investigator ID #: 1703
Extension Date: 11-07-23
Date Retd to Offender: NOV 1 7 2023

Offender Name: Christopher Flores TDCJ # 1336588
Unit: Stiles Housing Assignment: 18U-54
Unit where incident occurred: Stiles

**You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.**

Who did you talk to (name, title)? Sent I-60 to Ms. Tanosha Hollyfield / CCA When? July 25, 2023
What was their response? No response.
What action was taken? None.

**State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate**

This Step 1 grievance is intended to give notice to Ms. Tanosha Hollyfield, CCA, and Ms. Jacquelyn Womack, Senior Practice Manager, of my intent to sue them in federal court for violating my constitutional rights. In particular, I am suing Ms. Hollyfield for acting with calloused and deliberate indifference to my serious medical needs and for interfering with prescribed medical treatment, by refusing to issue my knee wraps in a timely manner, knowing that I required them for pain management. And I am suing Ms. Womack for a) failing to train and supervise her subordinate, b) failing to adopt and implement an official policy to enforce prescribed medical treatment, and c) for acting with deliberate indifference to my serious medical needs by failing to act [after] being repeatedly notified of her subordinate's refusal to issue my knee wraps in a timely manner.

I have been previously diagnosed with a Baker's cyst in my left knee and arthritis in my right knee. On April 11, 2023, Dr. Frank Saunders prescribed me knee wraps for both of my knees to help relieve the pain associated with both conditions. Originally, I received a lay in to go to pick up my wraps in 4-building, from Ms. Hollyfield, but as is customary at the Stiles Unit, the count did not clear in time and I was unable to pick up my knee wraps. So I immediately began sending I-60's to Ms. Hollyfield, explaining the situation and asking to be either called out or rescheduled to pick-up my knee wraps. Shortly thereafter, we went on lockdown for an annual shakedown. During this time, I received several medical lay ins and was escorted to the 10-building infirmary for treatment. During one of those visits, I saw and spoke with Ms. Hollyfield about my knee wraps. Ms. Hollyfield responded by telling me that she did not issue supplies during lockdown. I attempted to question the logic of this, being that I need the wraps for pain management, and it made no sense for her to be getting paid to [not] issue medical supplies,

AUG 0 9 2023

irregardless of whether it was lockdown or not. Ms. Hollyfield apparently did not like this accurate assessment and told me, " We'll see how long it takes you to get them now." I thought nothing of her comment at the time, but after months of not being issued my wraps, despite sending numerous I-60's to Ms. Hollyfield and Ms. Womack, asking for my knee wraps and complaining of the pain in my knees, I guess she is retaliating against me for exercising my First Amendment right to criticize prison officials. Which is also actionable in federal court. Ms. Hollyfield and Ms. Womack have allowed me to suffer in pain for months now, unnecessarily, and I will seek redress in the United States District Court, in Beaumont, Texas, for this violation of my constitutional rights. AUG 09 2023

**Action Requested to resolve your Complaint.** 1) Issue me my knee wraps immediately, 2) implement a policy to enforce prescribed medical treatment, 3) properly train and supervise Ms. Hollyfield in the issuance of medical supplies, and 4) any other relief that is deemed appropriate and necessary.

**Offender Signature:** [signature] **Date:** August 7, 2023

**Grievance Response:**

*Inmate Flores, please be advised after reviewing your medical records you received your knee brace on 10/23/23. Medical strives to provide quality care. At this time no further action is required.*

Alexander Williams, Business Manager

Signature Authority: [signature] Date: 11-10-23

**If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.**

Returned because: ***Resubmit this form when the corrections are made.**

- ☐ 1. Grievable time period has expired.
- ☐ 2. Submission in excess of 1 every 7 days. *
- ☐ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments. *
- ☐ 5. No documented attempt at informal resolution. *
- ☐ 6. No requested relief is stated. *
- ☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
- ☐ 8. The issue presented is not grievable.
- ☐ 9. Redundant, Refer to grievance #______
- ☐ 10. Illegible/Incomprehensible. *
- ☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** ______

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** ______

**OFFICE USE ONLY**

Initial Submission UGI Initials: ____
Grievance #: ____
Screening Criteria Used: ____
Date Recd from Offender: ____
Date Returned to Offender: ____

**2nd Submission** UGI Initials: ____
Grievance #: ____
Screening Criteria Used: ____
Date Recd from Offender: ____
Date Returned to Offender: ____

**3rd Submission** UGI Initials: ____
Grievance #: ____
Screening Criteria Used: ____
Date Recd from Offender: ____
Date Returned to Offender: ____

# Texas Department of Criminal Justice

# STEP 2 OFFENDER GRIEVANCE

**OFFICE USE ONLY**
Grievance #: 2023141979
UGI Recd Date: NOV 2 7 2023
HQ Recd Date: DEC 0 2 2023
Date Due: 1-11-24
Grievance Code: 6135
Investigator ID#: I0352
Extension Date:

**Offender Name:** Christopher Flores **TDCJ#** 1336588
**Unit:** Stiles **Housing Assignment:** 18U-54
**Unit where incident occurred:** Stiles

*You must attach the completed Step 1 Grievance that has been signed by the Warden for your Step 2 appeal to be accepted. You may not appeal to Step 2 with a Step 1 that has been returned unprocessed.*

**Give reason for appeal (Be Specific).** *I am dissatisfied with the response at Step 1 because...*

I appeal the Step 1 grievance response by Bussiness Manager, Alexander Williams, for the following reason(s):

The grievance response does not address the fact that I was prescribed knee wraps on April 11, 2023, for the pain in my knees, but did not receive them until the end of October of 2023, more than six months later. And only after numerous grievances, I-60's and complaints. How this constitutes "quality care" is a mystery?

Next, the grievance response did not address why Ms. Hollyfield deliberately made me suffer in pain for more than half a year, when she could have easily given me the braces at any time she wanted to?

Then, the grievance response did not address why the Stiles Unit Practice Manager, Ms. Jacquelyn Womack, depsite numerous verbal and written complaints and formal Step 1 grievances, did absolutely nothing to help me gain enforcement and compliance with Dr. Saunders' prescribed medical treatment?

Ms. Hollyfield was able to retaliate against me for exercising my First Amendment right to complain of her substandard job performance, because Ms. Womack failed to train and supervise her, failed to adopt and implement an official policy to enforce prescribed medical treatment, and then after being repeatedly notified of Ms. Hollyfield's refusal to give me my knee wraps, Ms. Womack demonstrated calloused and deliberate indifference towards my health and serious medical needs when she ignored and disregarded my complaints without any investigation.

Offender Signature: Christopher Flore Date: November 20, 2023

Grievance Response:

A review of your Step 1 grievance and documentation was completed regarding your request to be issued knee wraps.

An appellate review of the medical grievance and clinical records indicates the grievance was resolved at the unit level. You were issued a knee brace on 10/23/23. Provided documentation indicates access to medical treatment has not been denied or delayed. Lastly, if you feel your situation has changed to warrant further evaluation you are advised to submit a Sick Call Request to the medical department.

For further information on medical prostheses and orthotic devices, please refer to Correctional Managed Health Care Policy G-59.3. No further action is warranted through the grievance process.

**STEP II MEDICAL GRIEVANCE PROGRAM**
**OFFICE OF PROFESSIONAL STANDARDS**
**TDCJ HEALTH SERVICES DIVISION**

**12.11.2023**

Signature Authority: ______________________ Date: ______________

Returned because: **Resubmit this form when corrections are made.*

☐ 1. Grievable time period has expired.

☐ 2. Illegible/Incomprehensible.*

☐ 3. Originals not submitted. *

☐ 4. Inappropriate/Excessive attachments.*

☐ 5. Malicious use of vulgar, indecent, or physically threatening language.

☐ 6. Inappropriate.*

CGO Staff Signature: ______________________

**OFFICE USE ONLY**

**Initial Submission** CGO Initials: ____
Date UGI Recd: ____
Date CGO Recd: ____
(check one) ___Screened ___Improperly Submitted
Comments: ____
Date Returned to Offender: ____

**2nd Submission** CGO Initials: ____
Date UGI Recd: ____
Date CGO Recd: ____
(check one) ___Screened ___Improperly Submitted
Comments: ____
Date Returned to Offender: ____

**3rd Submission** CGO Initials: ____
Date UGI Recd: ____
Date CGO Recd: ____
(check one) ___Screened ___Improperly Submitted
Comments: ____
Date Returned to Offender: ____

Christopher Flores
TDCJ No. 1336588
Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

May 13, 2025

Clerk's Office
United States District Court
Eastern District of Texas
300 Willow Street, Ste 104
Beaumont, Texas 77701

RE: Filing of Original § 1983 Federal Lawsuit.

Dear Clerk:

Greetings! Enclosed you will find an original and one copy of my § 1983 lawsuit. You will also notice that I included an additional copy of page 1 of the lawsuit and this cover letter, along with a SASE, each marked, "PLAINTIFF'S COPY." Please stamp them both filed and return them to me via the SASE I have provided for your convenience.

Also, please be advised that I am not proceeding in forma pauperis. The money order/cashier's check in the amount of $405.00, made payable to the United States District Court, was forwarded to your office just prior to the mailing of the lawsuit, so it should arrive around the same time that you receive this communication. Once received, please mail me a copy of the receipt for my records.

Thank you very much in advance for your time and assistance with this matter. I look forward to your reply.

Respectfully your's,

Christopher Flores

Christopher Flores, Plaintiff
TDCJ No. 1336588
Stiles Unit
3060 FM 3514
Beaumont, Texas 77705

CHRISTOPHER FLORES #1336588
STILES UNIT
3060 FM 3514
BEAUMONT, TEXAS 77705

CLERK, U.S. DISTRICT COURT
RECEIVED

MAY 19 2025

EASTERN DISTRICT OF TEXAS
BEAUMONT, TEXAS

SPECIAL MAIL

DISTRICT CLERK'S OFFICE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
300 WILLOW STREET, STE 104
BEAUMONT, TEXAS 77701